

FILED
CLERK, U.S. DISTRICT COURT
MAR - 4 2020
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM TUMANYAN,<br><br>    Petitioner,<br><br>    v.<br><br>NEW FOLSOM STATE PRISON WARDEN JEFF MCCOMBER,<br><br>    Respondent. | CASE NO. CV 20-1839-MWF (PJW)<br><br>[~~PROPOSED~~] ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |

Before the Court is a Petition for Writ of Habeas Corpus in which Petitioner appears to be challenging a 2019 conviction from the Los Angeles County Superior Court, which is presently on appeal. For the following reasons, the Petition is dismissed without prejudice.

As a matter of comity between state and federal courts, a federal court will generally not address the merits of a habeas corpus petition unless the petitioner has exhausted his state remedies. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982); *see also* 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).

A review of the state appellate court website, at appellatecases.courtinfo.ca.gov (Case No. B299502), reveals that Petitioner's direct appeal of his conviction is pending before the California Court of Appeal. Because Petitioner's appeal is still pending, any claims are necessarily unexhausted. For that reason, the Petition is dismissed without prejudice. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.").

Further, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED

DATED: 3.4.20

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\TUMANYAN, A 1839\Ord_Dism_Pet.wpd

2